IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH BROWN, et al. :
:
Plaintiffs, :
: No. 4:CV-07-01644
v. :
: (Judge McClure)
CAMERON LINDSAY, et al., :
:
Defendants. :

**MEMORANDUM**

September 24, 2009

## I. Introduction

This <u>pro se</u> civil rights action under 28 U.S.C. §1331 was initiated by forty-six inmates on September 7, 2007. The action concerns their confinement at the Canaan United States Penitentiary ("USP Canaan") in Waymart, Pennsylvania. Presently before the Court is defendants' Motion to Dismiss or for Summary Judgment.

## II. Procedural History

In their complaint, plaintiffs describe themselves as Sunni Muslims whose First Amendment right to exercise their religious beliefs was violated by defendants. (<u>See</u> Rec. Doc. No. 1).

The claims of eleven of the plaintiffs were dismissed on May 7, 2008, for

failure to comply with the Administrative Order issued by this Court directing them to submit the required in forma pauperis applications and authorization forms. (See Rec. Doc. No. 153). The May 7, 2008 Order also directed service of the complaint.

Thirty-five plaintiffs remain. The defendants, on August 11, 2008, filed a Motion to Dismiss and for Summary Judgment. (Rec. Doc. No. 169). Plaintiffs filed their own motion for summary judgment on August 21, 2008, and a motion opposing defendants' motion to dismiss and for summary judgment on August 28, 2008 (See Doc. Nos. 164 and 165). On September 2, 2008, defendants filed a brief in support of their motion to dismiss and for summary judgment, as well as a statement of material facts pursuant to Local Rule 56.1. (Rec. Doc. Nos. 170 and 171). This Court, by order dated March 19, 2009, granted plaintiffs' motion requesting an extension of time in order to file a supplement to their already-filed opposition brief and a statement of material facts in response to defendants' statement. (See Rec. Doc. No. 178). Plaintiffs have yet to file either a supplement to their opposition brief or a statement of material facts.

## III. Factual Background

Taken in a light most favorable to the non-moving party, the plaintiffs, the

salient facts are as follows.[1]  Before an inmate may bring an action before the federal courts, he or she must fully exhaust the Bureau of Prisons' ("BOP") administrative remedy process.  (See Rec. Doc. No. 171 at 1).  In order, then, for an inmate to seek a formal review of an issue regarding the circumstances of his or her incarceration, the inmate must first raise a complaint with his or her "unit team."  (Rec. Doc. No. 171 at 2).  If this informal attempt at resolution of the complaint is insufficient, the inmate may appeal to the prison's warden.  Id.  Should the warden's resolution of the issue also fail to be satisfactory to the inmate, he or she may then appeal the decision to the Regional Director and the BOP's Central Office.  Id.  Only after the inmate's appeal to the Central Office of the BOP is denied will the inmate's remedies be exhausted, allowing for the inmate to then file a complaint in federal court.  Id.

Plaintiffs do not dispute that, of the six inmates still currently incarcerated at USP Canaan, none has exhausted his appeals under the administrative remedy

---

[1] Pursuant to M.D. Pa. L.R. 56.1, the moving party is required to file a statement of material facts in support of the motion for summary judgment, and the non-moving party is required to file a responsive statement of facts.  Both parties are required to "include references to the parts of the record that support the statements."  While defendants have filed the requisite statement of facts, see Rec. Doc. No. 167, the plaintiffs have failed to file a responsive statement of facts.  As a result of plaintiffs' failure, plaintiffs have admitted defendants' facts for the purposes of summary judgment.  See M.D. Pa. L.R. 56.1.

3

process. Id. at 3. Plaintiffs Whitefield, Moreno, and Priester have failed to file any grievances as part of the administrative remedy process. Id. While plaintiffs Cooper, Deloir, and Campbell have filed seventeen, three, and ten administrative remedies respectively, none of these administrative remedies concerns the issues that are raised in this complaint. Id. Of the remaining twenty-nine defendants, twenty-five have been transferred to other facilities and four have been released. (See Rec. Doc. No. 170 at 10).

**IV. Standards of Review**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action,

4

supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Twombly, 127 S.Ct. at 1964 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief

under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950 (citing Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id, Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's

claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## V. Discussion

### 1. Plaintiffs' Request for Injunctive Relief

The jurisdiction of federal courts is limited by Article III of the Constitution of the United States to "cases" and "controversies." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In addition, "[t]he case or controversy must be a continuing one and must be 'live' at all stages of the proceedings." Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) (citing Preiser v. Newkirk, 422 U.S. 395,

401 (1975); Roe v. Wade, 410 U.S. 113, 125 (1973)). As the Third Circuit has noted, "the courts have held that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge." Wilcox, 650 F.2d at 27 (3d Cir. 1981) (citing Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976); Culp v. Martin, 471 F.2d 814, 815 n. 13 (5th Cir. 1973)).

In addition, generally "an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

Notably, "[t]he burden of demonstrating mootness 'is a heavy one.'" County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting United States v. W. T. Grant Co., 345 U.S. 629, 632-33 (1953)). Mootness may be shown if "'there is no reasonable expectation . . .' that the alleged violation will recur," Davis, 440 U.S. at 631 (quoting W. T. Grant Co., 345 U.S. at 633), and "that interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id.

In their complaint, plaintiffs seek only that this Court "[i]ssue an Injunction ordering Defendants or their agents to immediately arrange for the establishment and hiring of a Muslim Imam for the Community of Sunni Muslims at USP

9

Canaan." (Rec. Doc. No. 1 at 7).

There is no indication that the twenty-five inmates who have been transferred or the four inmates who have been released will be returned to UCP Canaan in the foreseeable future. Therefore, there is no live "case" or "controversy" which may be heard by this Court. In light of the above, we will grant the defendants' motion to dismiss, as these plaintiffs' claims are moot.

**2. Defendants' Motion for Summary Judgment For Failure to Exhaust Administrative Remedies**

Defendants have also moved for summary judgment against the six inmates still incarcerated at USP Canaan, claiming that these plaintiffs have failed to exhaust required administrative remedies.

Title 42 U.S.C. §1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section [1983] . . . or any other Federal law . . . until such administrative remedies as are available are exhausted." The Supreme Court has noted that, by placing this exhaustion requirement in §1997e(a), Congress has required exhaustion "regardless of the relief offered through administrative procedures," Booth v. Churner, 532 U.S. 731, 741 (2001), and "in all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

Porter v. Nussle, 534 U.S. 516, 532 (2002).

It is clear, then, that the federal inmate plaintiffs in this case were required to fully exhaust administrative remedy procedures prior to filing their claim in federal court. The six plaintiffs still incarcerated at USP Canaan have failed to fully exhaust these remedies; three have failed to file any grievances, and three have filed grievances unrelated to the issues raised in the present complaint.

As the plaintiffs have failed to fully exhaust the required administrative remedies, the defendants' motion for summary judgment is granted.

## VI. Conclusion

For all of the foregoing reasons, we will grant defendants' motion to dismiss and for summary judgment.

    /s James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH BROWN, et al.          :

|                          | : |                   |
|--------------------------|---|-------------------|
| Plaintiffs,              | : |                   |
|                          | : | No. 4:CV-07-01644 |
| v.                       | : |                   |
|                          | : | (Judge McClure)   |
| CAMERON LINDSAY, et al., | : |                   |
|                          | : |                   |
| Defendants.              | : |                   |

# O R D E R

September 24, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

    1. Defendants' Motion to Dismiss is GRANTED as to plaintiffs Brown, Teasley, Arder, Tyreece Williams, Hawkins, Konce, Hameed, McKinsey, Mouling, Woodard, Pryce, Cruz, Marche, Sutton, Davis, Garrison, Jones, Carter, Tolbert, Starks, Singleton, Gonzalez, Paul, Hopewell, T. Williams, Rivas, Mitchell, Hall, and A. Williams, as these plaintiffs' claims are moot. (Rec. Doc. 169).

    2. Defendants' Motion for Summary Judgment is GRANTED as to plaintiffs Whitefield, Moreno, Campbell, Priester, Cooper, and Deloir for failure to exhaust administrative remedies. (Rec. Doc. No. 169). Final judgment is entered in favor of defendants and against these six plaintiffs.

3. This is a final order disposing of the entire case.

4. The clerk is directed to close the case file.

    /s James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge